

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 15  AM 11: 43

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL MAGEE, #405200** | CIVIL ACTION |
| VERSUS | NO. 05-0686 |
| **TIM WILKINSON, WARDEN** | SECTION "K" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing. For the reasons which follow, the Magistrate Judge issues this Report and Recommendation in accordance with the applicable



law, hereby recommending that the instant application for federal *habeas corpus* relief be

**DISMISSED WITH PREJUDICE AS UNTIMELY.**

**PROCEDURAL HISTORY**

Petitioner, Daniel Magee, is a state prisoner incarcerated in the Dixon Correctional Institute in Jackson, Louisiana, serving a sentence of 20 years at hard labor without benefit of parole, probation or suspension of sentence for the crime of armed robbery.[1] Magee attempted to appeal his conviction and sentence to the Louisiana Court of Appeal, Fourth Circuit but said appeal was denied on May 3, 2001. The Louisiana Court of Appeal, Fourth Circuit found that Magee had waived his right to appeal by virtue of his having entered an unqualified plea of guilty to the charge of armed robbery.[2] Although Magee filed written requests for documents production with the state courts after this time, no other request for post-conviction relief or other collateral review was filed until Magee filed a state post-conviction application on or about July 12, 2002.[3] When no action was taken on the

---

[1] Magee pled guilty, in Orleans Parish Criminal District Court, Case No. 410-075, to armed robbery on April 18, 2000 and was sentenced on July 14, 2000 to a twenty year term of imprisonment. *See* State Rec. vol. 1, *Guilty Plea Form* dated April 18, 2000 as well as docket master entries dated April 18, 2000 and July 14, 2000.

[2] See State Rec. vol. 1 for a copy of the Fourth Circuit's decision.

[3] Although petitioner signed his pauper affidavit on July 9, 2002, the letter accompanying his post-conviction petition is dated July 12, 2002. There is no date stamped on the application itself thus the court uses the date when petitioner last had possession of the application prior to tendering it to his custodian as the date of filing.

application by the trial court, Magee sought a writ of mandamus from the Louisiana Court of Appeal, Fourth Circuit on September 9, 2002. Said writ was denied on October 28, 2002, the court finding that the post-conviction application was time-barred under state law.[4] An application for rehearing filed on November 6, 2002 with the Fourth Circuit was refused and returned to Magee.[5] He subsequently filed a writ to the Louisiana Supreme Court, postmarked November 26, 2002, which was denied on December 19, 2003.[6] A request for rehearing was denied by the Louisiana Supreme Court on February 6, 2004.[7]

Meanwhile, while petitioner was engaged in the foregoing proceedings, on January 17, 2003, the state district court denied the application for post-conviction relief which had been the subject of petitioner's mandamus applications.[8] Petitioner then filed a subsequent writ of mandamus to the Fourth Circuit on July 29, 2003 which was denied on August 27, 2003.

On February 1, 2005, Magee filed the instant petition for writ of habeas corpus,

---

[4] A copy of the application and resulting ruling on Writ No. 2002-K-1821 can be found in State Rec. vol. 1.

[5] *See* State Rec. vol. 1, Letter dated November 8, 2002 from the Clerk, Louisiana Fourth Circuit Court of Appeals.

[6] *See* State Rec. vol. 1 for a copy of the application for and ruling on Writ No. 02-KH-3186. See also, *State ex rel. Magee v. State*, 861 So.2d 562 (La. 2003).

[7] *See* State Rec. vol. 1 for a copy of this decision on Writ No. 02-KH-3186.

[8] *See* State Rec. vol. 1 for a copy of the trial court's decision dated January 17, 2003.

arguing that the state courts incorrectly found his post-conviction application to be untimely filed. The State's response argues that petitioner's claim is not subject to federal review as the federal petition is time-barred.

## **TIMELINESS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review. *See* 28 U.S.C. § 2244(d)(1) (West 2005), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, Magee's conviction, obtained via guilty plea, was no longer subject to review, at the latest, as of June 3, 2001, thirty days after the Louisiana Court of Appeal, Fourth Circuit, denied his request for appeal.[9] Thus, Magee's one year federal limitation period commenced to run on June 3, 2001 and expired on June 3, 2002.

Petitioner did not file the instant action until February 1, 2005, more than two and a half years after his limitation period expired. Thus, petitioner's challenge to his 2000 conviction must be dismissed as untimely, unless the one-year statute of limitations period

---

[9]It is possible, as the argument is advanced by the State, that Magee's conviction was no longer subject to review as of the date he was sentenced on his guilty plea, or as of July 14, 2000, because he waived his right to appeal at the time he tendered his guilty plea. However, since it appears on the record before this court that a sentencing error might have been subject to appellate review, the court gives petitioner the benefit of the additional days during which he sought an appeal and could have sought writs upon the denial of said appeal.

4

was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As previously explained, Magee did not file a state post-conviction application in the state courts until July 12, 2002, more than a month after the June 3, 2002 federal habeas deadline. Thus, absent a basis for equitably tolling petitioner's prescriptive period, Magee's federal *habeas* application must be dismissed.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Since *Davis*, the Fifth Circuit has made it clear that a pro se prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

In this instance, Magee does not make any argument to this court which would support equitable tolling of the federal limitations period. He did, however, argue before the state courts that he was delayed in filing his first state post-conviction application because he was held in administrative segregation from July 6, 2002 and had to work on his post-conviction proceedings through inmate counsel. Petitioner also contends that, although he signed and dated his state post-conviction application on July 12, 2002, the mailing of same was delayed by a prison case manager until July 15, 2002. However, even if the court were to accept petitioner's claims as true, neither the administrative segregation nor the delay in mailing his petition occurred until after the federal habeas deadline had already expired. Moreover, if the court decided to give petitioner "credit" for the time during which he was in administrative segregation and during which the state post-conviction mailing was allegedly delayed, petitioner's federal habeas would still be untimely filed. A review of petitioner's procedural history shows that petitioner also allowed nearly a full year to lapse between his last state ruling on February 6, 2004 and the filing of his federal habeas petition on February 1, 2005. Thus, even if Magee were considered timely as of the filing of his first state post-conviction application, the additional lapse of days after his last state ruling would also count against him, making him untimely by any calculation. The U.S. Fifth Circuit has ruled that equitable tolling will not be applied where the applicant failed to diligently pursue *habeas* corpus relief under §2254. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir.2000), *cert. denied*, 531 U.S.

6

1035, 121 S.Ct. 622, 148 L. Ed.2d 532 (2000) (citations omitted). Having failed to pursue federal relief in a more timely fashion after final disposition of his post-conviction matters in the state courts, petitioner forfeits any claim he might have for the court to exercise its equitable discretion. Therefore, Magee's federal habeas petition should be dismissed as untimely.

## MERITS

Finally, although the court finds Magee's federal habeas barred on procedural grounds, the court notes that Magee's claim that the state courts incorrectly applied state law is not cognizable on federal habeas review. Magee argues specifically that the state courts erred in finding his state post-conviction application to be untimely filed pursuant to La. C. Cr. P. art. 930.8. The Supreme Court in *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d. 385 (1991) clearly stated that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Accordingly, even if Magee's application was not time-barred, the merits of his claim would be barred from this court's review.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the petition for issuance of writ of habeas corpus filed by Daniel Magee be DISMISSED WITH PREJUDICE as time-barred. Alternatively, the petition should be DENIED on the merits as Magee's claim for

relief is not cognizable on federal habeas review.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 15th day of March, 2006.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE